Charles T. Major, J.
On the trial of this claim considerable, controversy arose as to whether or not the northern portion of claimant’s property was landlocked before the appropriation. Because the State maintained it was, its appraiser gave a very low valuation, admitting that his appraisal would be greater if there was a right of ingress and egress over lands of Onondaga County. The claimant maintained that it would have no difficulty in securing a right of way over the strip of county-owned land which crossed its property, and was, therefore, entitled to have its property appraised accordingly.
Under this strip, the county maintains a trunk line sewer into which sewage from sewer districts is discharged. This sewer is under the control of the Onondaga County Public Works Commission, which employs a director of sewage plant operations. The director manages the facilities of the commission, and advises it on matters concerning rights of way, including applications made for crossing the sewer line, and makes recommendations to the commission. The commission then requests a resolution from the County Board of Supervisors authorizing such grant. It has been the county’s practice to grant such crossing rights for highway and drainage purposes.
By a resolution adopted on June 23, 1957, the Board of Supervisors granted an easement to the Town of DeWitt to cross this county land for highway and drainage purposes and a road was constructed across such strip. Likewise, permission was given to the New York Central Bailroad to cross with a spur. Permission was also granted to Both Brothers Metal Products for ingress and egress to its land.
It is the general, established policy of the commission and of the Board of Supervisors to grant applications for permission to cross this county property.
The director testified that he would have recommended that claimant be permitted to build a street across county property, as long as it did not interfere with the operation of the trunk sewer, which was several feet below the ground level.
It is rather elementary that the county, using its strip of land only to house a trunk sewer, would grant such a concession as in prior cases to attract new industry and plants, with increased *488 employment and additional tax revenues to further improve a growing county.
The testimony presented by the claimant, while objected to, was not disputed, and this court believes the questions involved are the type which would be present in negotiations between a buyer and seller and are, therefore, competent in the trial of an appropriation case similar to questions involved in zoning classification changes.
The court is of the opinion that there was, prior to the appropriation, reasonable probability that a right of way for highway and/or drainage purposes over the county strip of land would have been granted on application. This is a proper matter for consideration in arriving at the fair and reasonable market value of claimant’s premises. (Genesee Val. Union Trust Co. v. State of New York, Ct. of Claims, Oct. 8, 1959, Major, J., affd. 11A D 2d 1081; Matter of Incorporated Vil. of Garden City, 9 Misc 2d 693, affd. 4 A D 2d 783, motion for leave to appeal denied 3 N Y 2d 708; Matter of Jones Beach State Park Auth.; N. Y. L. J., Dec. 6, 1954, p. 14, col. 2.)
Evidence on this question is competent, relevant and material, and was proper to be received in an appropriation claim. The objections of the State are overruled and the evidence received. An exception to this ruling is given to the State.
At the time of the appropriation herein, there was an unimproved roadway leading to the easterly boundary of claimant’s property which was subsequently dedicated and known as Tarbell Road. It could be extended westerly across the claimant’s property although the easement appropriated under Map 16-R-l, Parcel No. 17, would interfere with its access at this point.
Section 300 et seq. of the Highway Law also pertain to ways and means of -opening a private road.